# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                          **Case No. 09-CR-54**

**BLAKE WILSON**
        **Defendant.**

## ORDER

On June 15, 2010, I sentenced defendant Blake Wilson to 27 months in prison on his guilty plea to attempted obstruction of commerce by robbery. He took no appeal but on August 6, 2010, filed a "Motion for Recommendation and Amendment of Judgment." In the motion, he seeks amendment of the judgment to include a recommendation for maximum pre-release custody under 18 U.S.C. § 3624(c). Defendant acknowledges that the Bureau of Prisons decides such issues but indicates that a recommendation from the court carries some weight. Defendant's judgment contains no such recommendation.

Defendant asserts that the court has jurisdiction to grant his motion, but he cites no authority in support of the assertion. The district court is generally forbidden to modify a judgment after the time limits in Fed. R. Crim. P. 35 expire. See Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000). Defendant notes that he seeks only an adjustment of the judgment to reflect a recommendation, not a lowering of his sentence. But rather than conferring jurisdiction, this instead suggests that there is no case or controversy before me. See United States v. McHugh, 528 F.3d 538, 540-41 (7th Cir. 2008). The district court may, in conjunction with the imposition of sentence for a federal crime, make a suggestion to the

Bureau of Prisons about prison placement, programming, and the like, "but no Article III court may issue an advisory opinion changing a suggestion that does not affect the sentence." Id. at 541.[1]

**THEREFORE, IT IS ORDERED** that the motion (R. 196) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] Defendant makes no claim that the written judgment fails to reflect the sentence orally pronounced or otherwise contains a clerical error, which may be corrected at any time under Fed. R. Crim. P. 36. Rule 36 does not permit substantive changes to a judgment. See, e.g., United States v. Becker, 36 F.3d 708, 710 (7th Cir. 1994).